## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| GREGORY CROWE individually, and as a representative of a Class of Participants and Beneficiaries of the CommonSpirit Health 401(k) Retirement Savings Plan,<br><br>    Plaintiff,<br><br>        v.<br><br>COMMONSPIRIT HEALTH, UNDER 29 U.S.C. §1132(a)(2)<br><br>        and<br><br>COMMONSPIRIT HEALTH RETIREMENT PLANS SUB-COMMITTEE,<br><br>    Defendants. | Civil Action No. 25-8239<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Greg Crowe, individually and on behalf of all other similarly situated participants in and beneficiaries of the CommonSpirit Health 401(k) Retirement Savings Plan (the "Class"), by their undersigned counsel, brings this class action complaint against the defendants listed herein:

## INTRODUCTION

1.      Each year, Defendants CommonSpirit Health and the CommonSpirit Health Retirement Plans Sub-Committee, as fiduciaries, must decide how to allocate certain assets of the CommonSpirit Health 401(k) Retirement Savings Plan (the

1

"Plan"). In every year during the Class period, rather than using these assets to pay all "administrative expenses of the Plan"—as expressly required by the terms of the Plan—Defendants used these Plan assets to defray CommonSpirit Health's obligations to the Plan.

2.    Under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1193c, the assets of a covered plan "shall be held for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the plan," *id*. § 1103(c)(1). Plan assets "shall never inure to the benefit of any employer." *Id.*

3.     In managing a plan and its assets, plan fiduciaries must act "solely in the interest of participants and beneficiaries and . . . **in accordance with the documents and instruments governing the plan**." *Id*. § 1104(a)(1)(D). Moreover, fiduciaries must manage the plan "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." *Id*. § 1104(a)(1)(B).

4.    These fiduciary duties of loyalty and prudence govern the conduct of plan fiduciaries and impose on them "the highest duty known to the law." *Donovan v. Beirwirth*, 680 F.2d 263, 272 n.8 (2d Cir. 1982).

5.    In addition to these broad duties, ERISA prohibits plan fiduciaries from engaging in certain specific actions. Specifically, fiduciaries may not cause the plan

2

to engage in any transaction prohibited by 29 U.S.C. § 1106(a)(1), nor may they "deal with the assets of the plan in [their] own interest." 29 U.S.C. § 1106(a)–(b).

6.     CommonSpirit Health (f.k.a. Catholic Health Initiatives) ("CommonSpirit" or the "Company") and the CommonSpirit Health Retirement Plans Sub-Committee (the "Committee") (collectively "Defendants") violated ERISA by 1) failing to govern the Plan in accordance with its governing documents and instruments, 2) breaching their fiduciary duties of loyalty and prudence, 3) using plan assets for the benefit of participant employer CommonSpirit, 4) dealing with the assets of the plan in their own interest, and 4) causing the plan to engage in prohibited transactions.

7.     In addition to these violations, CommonSpirit also violated ERISA by failing to monitor the Committee to ensure that it was performing its delegated fiduciary obligation.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction in this ERISA matter under 28 U.S.C. § 1331 and pursuant to 29 U.S.C. § 1332(e)(1), which provides for federal jurisdiction of actions brought under Title I of ERISA, 29 U.S.C. § 1001 *et seq*.

9.     This Court has personal jurisdiction over Defendants because they administer the CommonSpirit Health 401(k) Retirement Savings Plan in this District, transact business in this District, reside in this District, and have significant contacts with this District.

3

10. Venue is appropriate in this District within the meaning of 29 U.S.C. §1132(e)(2) and 28 U.S.C. § 1391(b) because some or all of the violations of ERISA described in this complaint occurred in this District and Defendants reside and may found in this District.

11. In conformity with 29 U.S.C. § 1132(h), Plaintiff served the original Complaint by certified mail on the Secretary of Labor and the Secretary of the Treasury.

## PARTIES

12. The CommonSpirit Health 401(k) Retirement Savings Plan (f.k.a. Catholic Health Initiatives 401(k) Plan) is a Section 401(k) "defined contribution" employee pension benefit plan under 29 U.S.C. §§ 1002(2)(A) and 1002(34). The Plan is subject to the provisions of ERISA pursuant to 29 U.S.C. § 1003(a).

13. Plaintiff Gregory Crowe is a resident of the State of Colorado and currently resides in Aurora.

14. During the Class Period, defined in ¶42, Plaintiff Crowe was a participant in the Plan, as defined under 29 U.S.C. § 1002(7).

15. Plaintiff Crowe started at CommonSpirit in 2014 and terminated his employment with the Company in 2022.

16. Plaintiff Crowe joined the Plan in 2014 and left the Plan around the time he ended his employment with the Company.

4

17.     Since becoming a Plan participant in 2014, Plaintiff's individual account has been charged with a share of the Plan's administrative expenses. These charges have reduced the monetary value of Plaintiff's individual account.

18.     Plaintiff has Article III standing as a Plan participant to bring this action on behalf of the Plan because he suffered actual injuries to his own Plan account. Specifically, Plaintiff's account was charged for the Plan's administrative expenses that otherwise would have been paid for by forfeited contributions had Defendants not violated ERISA. This injury is fairly traceable to Defendants' violations of ERISA. The harm is likely to be redressed by a favorable judgment providing equitable relief to Plaintiff and the Class.

19.     Having established Article III standing, Plaintiff may seek recovery under 29 U.S.C. § 1132(a)(2) on behalf of the Plan and for relief that sweeps beyond his own injuries.

20.     Defendant CommonSpirit Health is 501(c) health system non-profit headquartered in Chicago, Illinois. It employes more than 150,000 individuals.

21.     CommonSpirit, as Plan Sponsor, acted through its officers, including through the individual members of the CommonSpirit Health Retirement Plan Sub-Committee, to perform Plan-related fiduciary functions in the course and scope of their business. CommonSpirit had a duty to appoint and oversee those appointees, and accordingly had a concomitant fiduciary duty to monitor, supervise, and remove

5

those appointees under appropriate circumstances. For these reasons, CommonSpirit is a fiduciary of the Plan, within the meaning of 29 U.S.C. § 1002(21)(A).

22.     The Plan Administrator is the CommonSpirit Health Retirement Plan Sub-Committee. As the Plan Administrator, the Committee members are fiduciaries with day-to-day administration and operation of the Plan under 29 U.S.C. § 1002(21)(A). The Committee has responsibility and discretionary authority to control the operation, management, and administration of the Plan, with all powers necessary to properly fulfill such responsibilities. For these reasons, the Committee is a fiduciary of the Plan, within the meaning of 29 U.S.C. § 1002(21)(A).

## FACTUAL ALLEGATIONS

23.     As required by 29 U.S.C. § 1102(a)(1), the Plan is maintained under a written document, as restated in 2014, 2022, and 2025.

24.     In accordance with 29 U.S.C. § 1103(a), the assets of the Plan are held in a trust fund.

25.     The Plan is individual account, defined contribution retirement plan, which "provides for an individual account for each participant and for benefits solely upon the amount contributed to the participant's account, and any income, expenses, gains and losses, and any forfeiture of accounts of other participants which may be allocated to such participant's account." 29 U.S.C. § 1002(34).

26.     The Plan is funded by a combination of wage withholdings by Plan participants, and Company Matching Contributions and discretionary Nonelective

6

Contributions—all of which are deposited into the Plan's trust fund. When deposited into the Plan's trust fund, all contributions become assets of the Plan.

27.    The Plan provides that CommonSpirit, in its capacity as Plan sponsor, will make Matching Contributions to the Plan in the amounts set out in Section 4.1(b) of the operative Plan Document.

28.    Participants in the Plan are immediately vested in their own contributions, along with any income or losses on those balances.

29.    Participants become vested in the Company's Matching Contributions and Nonelective Contributions, plus any income or losses on those balances, upon completion of three years of service.

30.    A participant who is not vested the Company's contributions, on the date their employment is terminated forfeits the balance of unvested Company contributions in his or her individual account and Defendants exercise discretionary authority and control over how these forfeited Plan assets ("forfeitures") are thereafter reallocated.

31.    Section 4.4(c) of the Plan's governing documents require Defendants to use forfeited accounts to first "satisfy any contribution that may be required pursuant to Section 3.7 or 6.10, **or . . . to pay any administrative expenses of the Plan**." (emphasis added).[1]

---

[1] Section 3.7 allows the Company to make corrective contributions to "any Employee who should be included as a Participant in the Plan [and] is erroneously omitted and discovery of such omission is not made until after a contribution by the Employer for

32.     "The remaining Forfeitures, *if any*, shall be . . . used to reduce the Employer's Contributions for the Plan Year." (emphasis added).

33.     Thus, under the terms of the Plan, Defendants *are not* permitted to use forfeitures to reduce the Company's contributions to the Plan before using them to pay all of the Plan's administrative expenses.

34.     During the Class period, Defendants did not use any forfeited Plan assets to pay Plan expenses. This despite ERISA requiring Defendants to "discharge [their fiduciary] duties with respect to a plan . . . in accordance with the documents and instruments governing the plan", *see* 29 U.S.C. § 1104(a)(1)(A)(ii), and the Plan requiring Defendants to use the Plan's forfeited funds to pay all Plan expenses.

35.     Instead, Defendants only used forfeited funds for CommonSpirit's benefit, reducing CommonSpirit's employer contributions in the amounts that follow:[2]

---

the year has been made and allocated." Section 6.10 allows the Company to restore the benefits of any participant or their beneficiary who is subsequently located after their benefit distribution was forfeited "solely by reason of the inability of the Administrator, after sending a registered letter, return receipt requested, to the last known address, and after further diligent effort, to ascertain the whereabouts of such Participant or Beneficiary."

[2] On information and belief, Defendants used the Plan's forfeitures to reduce the Company's Matching Contributions.

8

| Year | Amount Contributions Were Reduced by Forfeitures |
|------|--------------------------------------------------|
| 2019 | $11,180,483 |
| 2020 | $9,977,778 |
| 2021 | $10,133,795 |
| 2022 | $15,371,840 |
| 2023 | $14,993,539 |
| **Total** | **$61,657,435**[3] |

36.     This practice harmed the Plan, along with its participants and beneficiaries, and resulted in an improper benefit to CommonSpirit. Because Defendants chose to allocate forfeitures to CommonSpirit's benefit, participant accounts were each charged with an allocation of the expenses paid by the Plan, which would have been otherwise covered in whole or in part by available Plan forfeiture asset.

37.     The direct compensation paid by the plan for administrative expenses for each year during the Class Period was as follows:

| Year | Amount of Administrative Expenses Paid |
|------|----------------------------------------|
| 2019 | $3,469,069 |
| 2020 | $3,782,732 |
| 2021 | $3,999,343 |
| 2022 | $4,140,565 |
| 2023 | $4,077,426 |
| **Total** | **$19,469,135**[4] |

---

[3] Information for 2024 is not currently available to Plaintiff but could be obtained through discovery.

[4] Information for 2024 is not currently available to Plaintiff but could be obtained through discovery.

9

38. During the Class Period all participant accounts, including Plaintiff's account, have been directly charged with administrative expenses on at least a quarterly basis.

39. In addition to these direct administrative fees—as evident from the Forms 5500 CommonSpirit filed with the Department of Labor—Plan participant accounts were also charged, on a pro-rata basis, additional fees attributable to administrative services provided for Plan investments. Investment managers of certain Plan investments shared a portion of the asset-based fee (or expense ratio charged to each investment option) with the Plan's primary administrative service provider (Fidelity Investments Institutional) to offset the cost for administrative services—sometimes referred to as sub-transfer agency services. This practice is known as "revenue sharing."

40. The direct and indirect deduction of administrative expenses from the participants' accounts reduced the funds available to participants for distribution and/or investing and deprived the Plan of funds that it otherwise would have earned on the amounts deducted. Therefore, the participants' account balances would have been greater had Defendants, consistent with the language of the Plan, used forfeitures to pay Plan expenses.

## CLASS ACTION ALLEGATIONS

41.     29 U.S.C. § 1132(a)(2) authorizes any participant or beneficiary of the Plan to bring an action individually on behalf of the Plan to enforce a breaching fiduciary's liability to the Plan under 29 U.S.C. § 1109(a).

42.     In acting in this representative capacity and to enhance the due process protections of unnamed participants and beneficiaries of the Plan, as an alternative to direct individual actions on behalf of the Plan under 29 U.S.C. § 1132(a)(2), Plaintiff seeks to certify this action as a class action on behalf of all Plan participants and beneficiaries. Plaintiff seeks to certify, and to be appointed as representative of, the following class:

> Class: All participants and beneficiaries of the CommonSpirit Health 401(k) Retirement Savings Plan (excluding Defendants or any participant/beneficiary who is a fiduciary to the Plan) beginning six years prior to the date of filing and running through the date of judgment ("Class Period").

43.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1)**. The class contains over 120,000 members and is so large that joinder of all its members is impracticable.

44.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3)**. Numerous common questions of law and fact exist as to Plaintiff and the other Class members because Defendants owed fiduciary duties to the Plan and took the actions and omissions alleged as to the Plan and not as to any individual participant. These common questions predominate over

individualized issues. Common questions of law and fact include but are not limited to the following:

a. Whether Defendants are fiduciaries liable for the remedies provided by 29 U.S.C. § 1109(a);

b. Whether Defendants failed to follow the terms of the Plan;

c. Whether Defendants breached their fiduciary duties of prudence and loyalty to the Plan;

d. Whether Defendants caused the Plan to engage in prohibited transactions;

e. Whether the Defendants allowed plan assets to inure to the benefit of CommonSpirit;

f. Whether Defendants dealt with the assets of the plan in its own interest;

g. What are the losses to the Plan resulting from each of the ERISA violations described in b–f; and

h. What Plan-wide equitable and other relief should the Court impose in light of Defendants' breach of duty.

**45.** **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members because (a) Plaintiff was a participant in the Plan during the Class Period, and (b) Defendants' misconduct harmed all participants in the Plan.

46.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff will adequately represent the Class because he (a) was a participant in the Plan during the Class Period, (b) has no interest that conflicts with the Class, (c) is committed to the vigorous representation of the Class, and (d) has engaged experienced and competent lawyers to represent the Class.

47.     **Risk of Inconsistent/Dispositive Adjudications – Federal Rule of Civil Procedure 23(b)(1).** Certification under Federal Rule of Civil Procedure 23(b)(1) is appropriate, because prosecution of separate actions for these breaches of fiduciary duties by individual participants and beneficiaries would create the risk of (a) inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant concerning its discharge of fiduciary duties to the Plan and personal liability to the Plan under 29 U.S.C. § 1109(a), or (b) adjudications by individual participants and beneficiaries regarding these breaches of fiduciary duties and remedies for the Plan would, as a practical matter, be dispositive of the interests of the participants and beneficiaries who are not parties to the adjudication, or would substantially impair those participants' and beneficiaries' ability to protect their interests.

48.     **Declaratory and Injunctive Relief - Federal Rule of Civil Procedure 23(b)(2)**. Certification under Federal Rule of Civil Procedure 23(b)(2) is appropriate because, as alleged in this complaint, Defendants have acted or refused

to act on grounds that apply generally to the Class, so that final injunctive or corresponding declaratory relief is appropriate respecting the Class as a whole.

49. **Damages – Federal Rule of Civil Procedure 23(b)(3).** Certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate because (a) as discussed above, common issues predominate individual issues, and (b) a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. Specifically, the damages or other financial detriment suffered by Plaintiff and each of the other Class Members are small compared to the burden and expense that would be required to individually litigate their claims against Defendants, rendering it impracticable for Class Members to individually seek redress for Defendants' wrongful conduct. Moreover, even if Class Members could afford individual litigation, the court system could not. Individualized litigation creates the potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of single adjudication, economy of scale, and comprehensive supervision by a single court.

50. Plaintiff's attorneys are experienced in complex ERISA and class litigation and will adequately represent the Class.

51.     The claims brought by Plaintiff arise from fiduciary breaches as to the Plan in its entirety and do not involve mismanagement of individual accounts, and thus internal exhaustion of these claims is not required.

## CLAIMS

### FIRST CLAIM FOR RELIEF
### Failure to Follow the Terms of the Plan
### (29 U.S.C. § 1104(a)(1)(A))

52.     Plaintiff realleges and incorporates herein by reference each allegation contained paragraphs 1–51 of this Complaint as though fully set forth herein.

53.     Plaintiff asserts this claim on behalf of the Class.

54.     Defendants are fiduciaries of the Plan under 29 U.S.C. §§ 1002(21)(A) and/or 1102(a)(1).

55.     Pursuant to 29 U.S.C. § 1104(a)(1)(D), Defendants were required to discharge their duties to the Plan "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III."

56.     By exclusively using the Plan's forfeitures to reduce CommonSpirit's employer contribution obligations, Defendants failed to discharge their duties in accordance with the Plan in violation of ERISA. The Plan requires that forfeitures *first* be used "to pay any administrative expenses of the Plan." (emphasis added). This was not done. Instead, Defendants chose to use these Plan assets for the purpose of reducing the Company's own contribution obligations to the Plan, saving the Company millions of dollars each year at the Plan's and its participants' expense.

15

57.     As a direct and proximate result of Defendants' fiduciary breaches described in this count, the Plan's assets were decreased, and its participants and their beneficiaries incurred avoidable expense deductions to their individual accounts. These losses resulted in less money invested and lost investment returns on those retirement assets.

58.     Each Defendant knowingly participated in the other Defendant's breach, knowing that such acts were a breach. Each Defendants' breach enabled the other Defendant to commit a breach of its duty. And, each Defendant, knowing of the other Defendant's breach, failed to make reasonable efforts under the circumstances to remedy the breach. For these independent reasons, each Defendant is liable for the losses caused by the breach of its co-fiduciary under 29 U.S.C. § 1105(a).

59.     Pursuant to 29 U.S.C. § 1109, Defendants are personally liable and are subject to appropriate equitable and remedial relief.

**SECOND CLAIM FOR RELIEF**
**Breach of ERISA Duty of Loyalty**
**(29 U.S.C. § 1104(a)(1)(A))**

60.     Plaintiff realleges and incorporates herein by reference each allegation contained in paragraphs 1–51 of this Complaint as though fully set forth herein.

61.     Plaintiff asserts this claim on behalf of the Class.

62.     Defendants are fiduciaries of the Plan under 29 U.S.C. §§ 1002(21)(A) and/or 1102(a)(1).

63. Pursuant to 29 U.S.C. § 1104(a)(1)(A), Defendants were required to discharge their duties to the Plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan."

64. Throughout the Class Period, Defendants have repeatedly breached their duty of loyalty with respect to their control and management of the Plan's assets by invariably choosing to use the Plan's forfeited funds for the benefit of the Company rather than solely in the interest of the participants and their beneficiaries.

65. Instead of using forfeited funds in the interest of participants by reducing or eliminating the administrative expenses charged to their individual accounts, Defendants chose to use these Plan assets for the purpose of reducing the Company's own contribution obligations to the Plan, saving the Company millions of dollars each year at the Plan's and its participants' expense.

66. As a direct and proximate result of Defendants' fiduciary breaches described in this count, the Plan's assets were decreased, and its participants and their beneficiaries incurred avoidable expense deductions to their individual accounts. These losses resulted in less money invested and lost investment returns on those retirement assets.

67. Each Defendant knowingly participated in the other Defendant's breach, knowing that such acts were a breach. Each Defendants' breach enabled the

17

other Defendant to commit a breach of its duty. And, each Defendant, knowing of the other Defendant's breach, failed to make reasonable efforts under the circumstances to remedy the breach. For these independent reasons, each Defendant is liable for the losses caused by the breach of its co-fiduciary under 29 U.S.C. § 1105(a).

68.     Pursuant to 29 U.S.C. § 1109, Defendants are personally liable and are subject to appropriate equitable and remedial relief.

### THIRD CLAIM FOR RELIEF
### Breach of ERISA Duty of Prudence
### (29 U.S.C. § 1104(a)(1)(B))

69.     Plaintiff realleges and incorporates herein by reference each allegation contained in paragraphs 1–51 of this Complaint as though fully set forth herein.

70.     Plaintiff asserts this claim on behalf of the Class.

71.     Defendants are fiduciaries of the Plan under 29 U.S.C. §§ 1002(21)(A) and/or 1102(a)(1).

72.     Pursuant to 29 U.S.C. § 1104(a)(1)(B), Defendants were required to discharge their duties with respect to the Plan "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."

73.     Throughout the Class Period, Defendants have repeatedly breached their duty of prudence with respect to their control and management of the Plan's assets.

18

74. In deciding how to allocate forfeitures, Defendants utilized an imprudent and flawed process. Despite the conflict of interest presented by this decision, Defendants failed to undertake any reasoned and impartial decision-making process to determine which use of the Plan's forfeited funds was in the best interest of the Plan's participants. Instead, without consideration of what was in the interest of the Plan's participants and their beneficiaries—or what was required by the terms of the Plan—Defendants invariably chose to use the Plan's forfeited funds for the benefit of the Company.

75. A prudent fiduciary would have established a process for determining, after considering all relevant factors, which use of plan assets better served the Plan's participants and their beneficiaries. Defendants failed to do so.

76. As a direct and proximate result of Defendants' fiduciary breaches described in this count, the Plan's assets were decreased, and its participants and their beneficiaries incurred avoidable expense deductions to their individual accounts. These injuries caused the Plan to suffer losses in the amount of the Plan assets that were substituted for employer contribution obligations and the lost investment returns on those assets.

77. Each Defendant knowingly participated in the other Defendant's breach, knowing that such acts were a breach. Each Defendants' breach enabled the other Defendant to commit a breach of its duty. And, each Defendant, knowing of the other Defendant's breach, failed to make reasonable efforts under the circumstances

19

to remedy the breach. For these independent reasons, each Defendant is liable for the losses caused by the breach of its co-fiduciary under 29 U.S.C. § 1105(a).

78.    Pursuant to 29 U.S.C. § 1109, Defendants are personally liable and are subject to appropriate equitable and remedial relief.

## FOURTH CLAIM FOR RELIEF
### Breach of ERISA's Anti-Inurement Provision
### (29 U.S.C. § 1103(c)(1))

79.    Plaintiff realleges and incorporates herein by reference each allegation contained paragraphs 1–51 of this Complaint as though fully set forth herein.

80.    Plaintiff asserts this claim on behalf of the Class.

81.    Pursuant to 29 U.S.C. § 1103(c)(1), "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purpose of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan."

82.    The Company's contributions that a participant forfeits because they terminated their employment prior to those contributions fully vesting are asset of the Plan.

83.    Defendants caused the assets of the plan to inure to the benefit of the Company in violation of 29 U.S.C. 1103(c)(1) by deciding to use these Plan assets as a substitute for the Company's own contribution obligations to the Plan for the purpose of saving the Company millions of dollars in contribution expenses.

84. As a direct and proximate result of Defendants' fiduciary breaches described in this count, the Plan's assets were decreased, and its participants and their beneficiaries incurred avoidable expense deductions to their individual accounts. These losses resulted in less money invested and lost investment returns on those retirement assets.

85. Each Defendant knowingly participated in the other Defendant's breach, knowing that such acts were a breach. Each Defendants' breach enabled the other Defendant to commit a breach of its duty. And, each Defendant, knowing of the other Defendant's breach, failed to make reasonable efforts under the circumstances to remedy the breach. For these independent reasons, each Defendant is liable for the losses caused by the breach of its co-fiduciary under 29 U.S.C. § 1105(a).

86. Pursuant to 29 U.S.C. § 1109, Defendants are personally liable and are subject to appropriate equitable and remedial relief.

## FIFTH CLAIM FOR RELIEF
### Prohibited Transactions
### (29 U.S.C. § 1106(a)(1))

87. Plaintiff realleges and incorporates herein by reference each allegation contained in paragraphs 1–51 of this Complaint as though fully set forth herein.

88. Plaintiff asserts this claim on behalf of the Class.

89. Defendants are fiduciaries of the Plan under 29 U.S.C. §§ 1002(21)(A) and/or 1102(a)(1).

90.     Pursuant to 29 U.S.C. § 1106(a)(1), "[a] fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect . . . exchange . . . of any property between the plan and a party in interest . . . or use by or for the benefit of a party in interest, of any assets of the plan."

91.     Because CommonSpirit and the Committee are fiduciaries of the Plan and CommonSpirit is the employer of Plan participants, both are parties in interest under 29 U.S.C. § 1002(14).

92.     By choosing to use the Plan's forfeited funds, which are property of the Plan, to defray CommonSpirit's employer contribution obligations to the Plan, Defendants caused the Plan to engage in transactions that constituted a direct or indirect exchange of existing Plan property to CommonSpirit, and/or caused the use of Plan assets by or for the benefit of CommonSpirit.

93.     As a direct and proximate result of Defendants' fiduciary breaches described in this count, the Plan's assets were decreased, and its participants and their beneficiaries incurred avoidable expense deductions to their individual accounts. These losses resulted in less money invested and lost investment returns on those retirement assets.

94.     Each Defendant knowingly participated in the other Defendant's breach, knowing that such acts were a breach. Each Defendants' breach enabled the other Defendant to commit a breach of its duty. And, each Defendant, knowing of the

22

other Defendant's breach, failed to make reasonable efforts under the circumstances to remedy the breach. For these independent reasons, each Defendant is liable for the losses caused by the breach of its co-fiduciary under 29 U.S.C. § 1105(a).

95.     Pursuant to 29 U.S.C. § 1109, Defendants are personally liable and are subject to appropriate equitable and remedial relief.

**SIXTH CLAIM FOR RELIEF**
**Prohibited Transactions**
**(29 U.S.C. § 1106(b)(1))**

96.     Plaintiff realleges and incorporates herein by reference each allegation contained in paragraphs 1–51 of this Complaint as though fully set forth herein.

97.     Plaintiff asserts this claim on behalf of the Class.

98.     Defendants are fiduciaries of the Plan under 29 U.S.C. §§ 1002(21)(A) and/or 1102(a)(1).

99.     Pursuant to 29 U.S.C. § 1106(b), "[a] fiduciary with respect to a plan shall not," among other things, "deal with the assets of the plan in his own interest or for his own account."

100.     By utilizing forfeited Plan assets as a substitute for the Company's employer contribution obligations to the Plan for the purpose of saving the Company millions of dollars, Defendants dealt with the assets of the Plan in their own interest and for their own account.

101.     As a direct and proximate result of Defendants' fiduciary breaches described in this count, the Plan's assets were decreased, and its participants and

their beneficiaries incurred avoidable expense deductions to their individual accounts. These losses resulted in less money invested and lost investment returns on those retirement assets.

102. Each Defendant knowingly participated in the other Defendant's breach, knowing that such acts were a breach. Each Defendants' breach enabled the other Defendant to commit a breach of its duty. And, each Defendant, knowing of the other Defendant's breach, failed to make reasonable efforts under the circumstances to remedy the breach. For these independent reasons, each Defendant is liable for the losses caused by the breach of its co-fiduciary under 29 U.S.C. § 1105(a).

103. Pursuant to 29 U.S.C. § 1109, Defendants are personally liable and are subject to appropriate equitable and remedial relief.

**SEVENTH CLAIM FOR RELIEF**
**Failure to Monitor Other Fiduciaries**

104. Plaintiff realleges and incorporates herein by reference each allegation contained in paragraphs 1–51 of this Complaint as though fully set forth herein.

105. Plaintiff asserts this claim on behalf of the Class.

106. This claim is asserted against Defendant CommonSpirit only.

107. Defendant CommonSpirit is a fiduciary of the Plan under 29 U.S.C. §§ 1002(21)(A) and/or 1102(a)(1).

108. Defendant CommonSpirit had the authority to appoint, oversee, and remove members or individuals of the Committee responsible for deciding how to use

24

the Plan's forfeited assets. Defendant CommonSpirit knew or should have known that these fiduciaries had critical responsibilities for the Plan.

109.  In light of this authority, Defendant CommonSpirit had a duty to monitor the Committee to ensure that they were adequately performing their fiduciary obligations, and to take prompt and effective action to protect the Plan in the event that these individuals were not fulfilling those duties.

110.  Defendant CommonSpirit breached its fiduciary monitoring standard with respect to the Committee by, among other things, (a) failing to monitor the Committee's management and use of forfeited funds in the Plan, and (b) by failing to take steps to ensure that the Committee was discharging its duties with respect to Plan assets for the sole benefit of Plan participants and beneficiaries.

111.  As a direct result of CommonSpirit's breach of its fiduciary duty to monitor, the Plan suffered losses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray the Court enter judgement against Defendants on all respective claims against them and request that the Court award the following relief:

A.  A determination that this action is a proper class action, certifying the Class as requested herein, designating Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel;

25

B. A Declaration that the Defendants are Plan fiduciaries and have breached their fiduciary duties under ERISA as described in Counts One, Two, and Three;

C. A Declaration that the Defendants engaged in unlawful conduct as described in Counts Four through Six;

D. A Declaration that the Defendant CommonSpirit breached its duty to monitor other fiduciaries as described in Count Seven;

E. An Order compelling the Defendants to make good to the Plan all losses to the Plan resulting from Defendants' breaches of ERISA, including restoring to the Plan all losses, restoring to the Plan all profits Defendants made through use of the Plan's assets, and restoring to the Plan all profits which its participants would have made if the defendants had fulfilled their obligations under ERISA;

F. An Order requiring Defendants to disgorge all profits received from, or in respect of, the Plan, and/or equitable relief pursuant to 29 U.S.C. § 1132(a)(2) in the form of an accounting for profits, imposition of constructive trust, or surcharge against Defendants as necessary to effectuate relief, and to prevent Defendants' unjust enrichment;

G. An Order enjoining Defendants from any further violation of their ERISA fiduciary responsibilities, obligations, and duties relating to the reallocation of the Plans forfeited assets;

26

H. Other equitable relief to redress Defendants' illegal practices and to enforce the provisions of ERISA as may be appropriate, including appointment of an independent fiduciary or fiduciaries to run the Plan and removal of plan fiduciaries deemed to have breached their fiduciary duties;

I. An award of pre-judgment interest;

J. An award of attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g) and the common fund doctrine; and

K. Such other and further relief as the Court deems equitable and just.

DATED: July 18, 2025

Respectfully submitted,

*/s/ Daniel R. Ferri*

Adam J. Levitt, IL Bar No. 6216433
Daniel R. Ferri, IL Bar No. 6303286
Elijah G. Savage, IL Bar No. 6350126
**DICELLO LEVITT LLP**
Ten North Dearborn Street,
Sixth Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900
alevitt@dicellolevitt.com
dferri@dicellolevitt.com
esavage@dicellolevitt.com

***Counsel for Plaintiff and the Proposed Class***

27