UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

GREGORY CROWE, individually, and as a
representative of a Class of Participants and
Beneficiaries of the CommonSpirit Health
401(k) Retirement Savings Plan,

        Plaintiff,

    v.

COMMONSPIRIT HEALTH AND
COMMONSPIRIT HEALTH RETIREMENT
PLANS SUB-COMMITTEE,

        Defendants.

Case No. 1:25-CV-08239-ARW

---

## DEFENDANTS' MOTION TO DISMISS

---

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

BACKGROUND .............................................................................................................. 2

LEGAL STANDARD....................................................................................................... 4

ARGUMENT .................................................................................................................... 4

     I.     Plaintiff's Claim for Failure to Follow the Terms of the Plan (Count I) Fails Because the Actual Terms of the Plan Authorize Forfeitures to Be Used in the Manner Alleged in the Complaint................................................................... 5

     II.    Plaintiff's Prohibited Transaction Claims (Counts V and VI) and Claim for Breach of ERISA's Anti-Inurement Provision (Count IV) Fail Because Plaintiff Merely Alleges Intra-Plan Transfers....................................................................... 7

          A.     Plaintiff's Prohibited Transaction Claims (Counts V and VI) Fail............ 7

          B.     Plaintiff's Anti-Inurement Claim (Count IV) Fails. ................................... 9

     III.   Plaintiff's Claims for Breach of the Fiduciary Duties of Loyalty (Count II) and Prudence (Count III) Fail Because, Among Other Reasons, They Would Effectively Create a New Benefit Under ERISA.................................................... 9

     IV.   Plaintiff's Claim for Failure to Monitor Fiduciaries (Count VII) Fails Because There is No Underlying Fiduciary Breach........................................................... 13

CONCLUSION................................................................................................................ 14

## TABLE OF AUTHORITIES

<u>Cases</u>                                                                                             <u>Pages</u>

*Albert v. Oshkosh Corp.*,
   47 F.4th 570 (7th Cir. 2022) ............................................................................. 10, 14

*Armenta v. WillScot Mobile Mini Holdings Corp.*,
   No. 2:25-cv-407, 2025 WL 2645518 (D. Ariz. Sept. 15, 2025) ........................... 6, 8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).............................................................................................. 4

*Barragan v. Honeywell Int'l Inc.*,
   No. 24CV4529 (EP) (JRA), 2024 WL 5165330 (D.N.J. Dec. 19, 2024) ................. 9

*Barragan v. Honeywell Int'l Inc.*,
   No. 24CV4529 (EP) (JRA), 2025 WL 2383652 (D.N.J. Aug. 18, 2025)............ 8, 12

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).............................................................................................. 4

*Bogie v. Rosenberg*,
   705 F.3d 603 (7th Cir. 2013) ............................................................................ 4, 6

*Buescher v. N. Am. Lighting, Inc.*, No.,
   No. 24-CV-2076, 2025 WL 1927503 (C.D. Ill. June 30, 2025) ......................... 8, 13

*Cain v. Siemens Corp.*,
   No. CV 24-8730, 2025 WL 2172684 (D.N.J. July 31, 2025)............................. 8, 10

*Cano v. The Home Depot, Inc.*,
   No. 1:24-CV-03793-TRJ, 2025 WL 2589567 (N.D. Ga. Aug. 26, 2025) ............. 6, 8, 9, 11

*Cutrone v. Allstate Corp.*,
   No. 20 CV 6463, 2025 WL 306179 (N.D. Ill. Jan. 27, 2025)........................... 12, 13

*Diedrich v. Ocwen Loan Servicing*, LLC,
   839 F.3d 583 (7th Cir. 2016) ............................................................................... 4

*DiFelice v. Fiduciary Couns., Inc.*,
   398 F. Supp. 2d 453 (E.D. Va. 2005) .................................................................. 11

*Dimou v. Thermo Fisher Sci. Inc.*,
   No. 23-CV-1732-BJC-JLB, 2024 WL 4508450 (S.D. Cal. Sept. 19, 2024).......... 11

*Dimou v. Thermo Fisher Sci. Inc.*,
  No. 23-CV-1732-BJC-JLB, 2025 WL 2611240 (S.D. Cal. Sept. 9, 2025)..........................8, 11

*Estay v. Ochsner Clinic Foundation*,
  No. 2:25-cv-507, 2025 WL 2644782 (E.D. La. Sept. 15, 2025).................................................8

*Fink v. National Savings & Trust Co.*,
  772 F.2d 951 (D.C. Cir. 1985) .............................................................................................12

*Fumich v. Novo Nordisk Inc.*,
  No. CV 24-9158 (ZNQ) (JBD), 2025 WL 2399134 (D.N.J. Aug. 19, 2025) ...........................9

*Hughes Aircraft Co. v. Jacobson*,
  525 U.S. 432 (1999) ..............................................................................................................9

*Hutchins v. HP Inc.*,
  737 F. Supp. 3d 851 (N.D. Cal. 2024) ..................................................................7, 9, 10, 11

*Hutchins v. HP Inc.*,
  767 F. Supp. 3d 912 (N.D. Cal. 2025) .................................................................................12

*In re McKesson HBOC, Inc. ERISA Litig.*,
  391 F. Supp. 2d 812 (N.D. Cal. 2005) .................................................................................12

*Jama v. Immigr. & Customs Enf't*,
  543 U.S. 335 (2005) ..............................................................................................................6

*Liao v. Fisher Asset Mgmt., LLC*,
  No. 24-CV-02036-JST, 2024 WL 4351869 (N.D. Cal. Sept. 30, 2024)...................................8

*Lockheed Corp. v. Spink*,
  517 U.S. 882 (1996) ..........................................................................................................7, 10

*Madrigal v. Kaiser Found. Health Plan, Inc.*,
  No. 2:24-CV-05191-MRA-JC, 2025 WL 1299002 (C.D. Cal. May 2, 2025) ......................8, 9

*McManus v. Clorox Co.*,
  No. 4:23-CV-05325-YGR, 2024 WL 4944363 (N.D. Cal. Nov. 1, 2024) ............................8, 9

*McWashington v. Nordstrom, Inc.*,
  No. C24-1230 TSZ, 2025 WL 1736765 (W.D. Wash. June 23, 2025)................................8, 13

*Mertens v. Hewitt Assocs.*,
  508 U.S. 248 (1993) .............................................................................................................11

iii

*Middleton v. Amentum Parent Holdings, LLC*,
  No. 23-CV-2456-EFM-BGS, 2025 WL 2229959 (D. Kan. Aug. 5, 2025) ...................... *passim*

*Naylor v. BAE Sys., Inc*.,
  No. 1:24-CV-00536 (AJT/WEF), 2024 WL 4112322 (E.D. Va. Sept. 5, 2024) ...................... 9

*Nykiel v. Smith & Nephew, Inc.*,
  No. CV 24-12247-NMG, 2025 WL 2347549 (D. Mass. July 11, 2025) ................................... 8

*Perez-Cruet v. Qualcomm Inc*.,
  No. 23-CV-1890-BEN (MMP), 2024 WL 2702207 (S.D. Cal. May 24, 2024) ....................... 8

*Rodriguez v. Intuit Inc.*,
  744 F. Supp. 3d. 935  (N.D. Cal. 2024) ...................................................................... 8

*Rogers v. Baxter Int'l Inc.*,
  710 F. Supp. 2d 722 (N.D. Ill. 2010) ...................................................................... 14

*Sievert v. Knight-Swift Transportation Holdings, Inc*.,
  780 F. Supp. 3d 870 (D. Ariz. 2025) ...................................................................... 8, 9

*Spence v. Am. Airlines, Inc.*,
  775 F. Supp. 3d 963 (N.D. Tex. 2025) ...................................................................... 11

*Steen v. Sonoco Prods. Co.*,
  No. 4:24-CV-03105-JD, 2025 WL 2420725 (D.S.C. June 4, 2025) ...................................... 8, 9

*Ulico Casualty Co. v. Clover Capital Mgmt., Inc*.,
  335 F. Supp. 2d 335 (N.D.N.Y.2004) ...................................................................... 11

*Wright v. JPMorgan Chase & Co*,
  No. 2:25-CV-00525-JLS-JC, 2025 WL 1683642 (C.D. Cal. June 13, 2025) ...................... 8, 9

*Young v. Verizon's Bell Atl. Cash Balance Plan*,
  615 F.3d 808 (7th Cir. 2010) ...................................................................... 7

<u>Statutes</u>                                                                                                    <u>Pages</u>

29 U.S.C. § 1002(14) ...................................................................... 7

29 U.S.C. § 1103(c)(1) ...................................................................... 9

29 U.S.C. § 1104(a)(1) ...................................................................... 10

29 U.S.C. § 1104(a)(1)(B) ...................................................................... 10, 12

29 U.S.C. § 1104(a)(1)(D) ...................................................................... 2, 5

29 U.S.C. § 1106(b) ...................................................................... 7, 8

**Other Authorities**                                                                                        **Pages**

26 C.F.R. § 1.401-7(a) ................................................................................................................ 11

DOL *Hutchins* Amicus Brief,
   *Hutchins v. HP Inc.*, No. 25-826, 2025 WL 2673895 (9th Cir. July 9, 2025) .................. 7, 8, 11

Federal Rule of Civil Procedure 12(b)(6) ...................................................................................... 4

**<u>INTRODUCTION</u>**

This case is the latest in a series of recent lawsuits brought under the Employee Retirement Income Security Act ("ERISA") challenging how 401(k) plans use "forfeitures." The overwhelming majority of these lawsuits have been dismissed—a result that the United States Department of Labor ("DOL"), which interprets and enforces ERISA, has supported. So too, this case should be dismissed, with prejudice.

Many employers, including Defendant CommonSpirit Health ("CommonSpirit" or "Company"), make voluntary contributions to a retirement plan for their employees. If a new employee does not remain employed long enough to earn a vested right to employer contributions, the employee forfeits them. These forfeited employer contributions or "forfeitures" remain in an account with the plan—in this case, the CommonSpirit Health 401(k) Retirement Savings Plan (the "Plan")—but do not belong to any particular plan participant.

Plaintiff Gregory Crowe is a participant in the Plan, but not one who forfeited any contributions. His objective in this case is simple: he wants this Court to find that the forfeitures— which he unquestionably did not earn—belong to him (and a putative class of similarly-situated participants) and must be used to reduce the portion of the Plan's expenses that are attributable to him (and the putative class).

Plaintiff's Complaint (Dkt. 1, "Compl.") purports to quote the governing Plan Document, which he claims says that forfeitures must be used to reduce his expenses. *See* Compl. ¶¶ 31–33. But there is a reason the Complaint does not quote the relevant provision in full or attach the Plan Document to the Complaint: the Plan Document says no such thing. It is well-established that this Court can consider the actual terms of the Plan Document at the motion to dismiss stage. The Plan Document actually says that forfeitures "***may***" be used to pay administrative expenses, and that any amounts not used to pay expenses "***shall***" be used to reduce contributions. *See infra* at 3.

1

Given that the Plan Document clearly makes paying expenses permissive, not mandatory, and that the use of forfeitures to reduce contributions—which is what Plaintiff alleges took place here— was authorized under the Plan Document, this Court should dismiss the Complaint, with prejudice.

Finally, as discussed in more detail below, Plaintiff's allegations that various provisions of ERISA override the Plan Document and require forfeitures to be used to reduce his expenses are wholly without merit and have been rejected by an overwhelming majority of courts.

## **BACKGROUND**

CommonSpirit is a non-profit health system with more than 150,000 employees. Compl. ¶ 20. Defendant CommonSpirit sponsors the Plan, which, "[a]s required [by ERISA], . . . is maintained under a written [Plan] document[.]" *Id.* ¶¶ 21, 23. The Plan is administered by Defendant CommonSpirit Health Retirement Plans Sub-Committee (the "Committee"), which is required to act "in accordance with the documents and instruments governing the plan." *Id.* ¶¶ 3, 22 (quoting 29 U.S.C. § 1104(a)(1)(D)) (emphasis omitted).

"The Plan is an individual account, defined contribution retirement plan," which means that each participant has their own account in the Plan and is entitled only to the balance of that account. *Id.* ¶ 25. Participant accounts are "charged with a share of the Plan's administrative expenses." *Id.* ¶ 17. Between 2014 and 2022, Plaintiff was employed by CommonSpirit and participated in the Plan. *Id.* ¶¶ 15–17.

The Plan is funded by a combination of contributions from participants and from CommonSpirit. *Id.* ¶ 26. Participant contributions immediately vest, while employer contributions generally vest after three years of service. *Id.* ¶¶ 28–29. Unvested employer contributions are forfeited upon an employee's departure and "reallocated" within the Plan. *Id.* ¶ 30. Section 4.4(c) of the Plan Document, which is partially quoted in the Complaint, governs the use of forfeitures:

2

> **Usage of Forfeitures**. . . . [A]ny Forfeitures ***may . . . be used to pay any administrative expenses of the Plan***. The remaining Forfeitures, if any, ***shall be allocated*** in the following manner:
>
> > (1) Forfeitures attributable to Matching Contributions . . . shall be used to reduce the Employer's contributions for the Plan Year.
> >
> > (2) Forfeitures attributable to Nonelective Contributions . . . shall be used to reduce the Employer's contributions for the Plan Year.
> >
> > (3) Any Forfeitures remaining after Forfeitures have been used to pay administrative expenses and to reduce the Employer's contributions for the Plan Year shall be allocated to the Nonelective Contribution Account . . . .

Declaration of Lars C. Golumbic, Ex. A, § 4.4(c) (emphasis added); *see also* Compl. ¶¶ 31–32.[1] In other words, the Plan Document provides an ***option*** to use forfeitures to pay administrative expenses, which "may" be done, or to use forfeitures to reduce employer contributions, which "shall" be done with any remaining forfeitures.

　　　　Plaintiff alleges that Defendants elected to use forfeitures to "reduce CommonSpirit's employer contributions" and "did not use [any forfeitures] to pay Plan expenses[.]" Compl. ¶¶ 34–35. Plaintiff alleges that this was inconsistent with the Plan Document, which, in Plaintiff's telling, "***require[d]*** Defendants to use [forfeitures] to first . . . pay any administrative expenses," and only then "permitted [the] use of forfeitures to reduce the Company's contributions . . . ." *Id*. ¶¶ 31, 33 (emphasis altered) (quotation omitted). Accordingly, Plaintiff brings a claim under ERISA for failure to follow the terms of the Plan Document, along with six other ERISA claims, all of which are based on the common theme that forfeitures purportedly should have been used to pay the Plan's administrative expenses. Specifically, Plaintiff brings claims for:

- Failure to follow the terms of the Plan (Count I), *id*. ¶¶ 52–59;

---

[1] Exhibit A is the 2014 Plan Document, which refers to Catholic Health Initiatives, a predecessor to CommonSpirit. As Plaintiff alleges, the Plan Document was also restated in 2022 and 2025, Compl. ¶ 23, and those versions are attached as Exhibits B and C. As there are no relevant differences between the versions, Defendants cite the 2014 version in effect during Plaintiff's employment.

- Breach of the fiduciary duty of loyalty (Count II), *id.* ¶¶ 60–68;

- Breach of the fiduciary duty of prudence (Count III), *id.* ¶¶ 69–78;

- Violation of ERISA's anti-inurement provision (Count IV), *id.* ¶¶ 79–86;

- Prohibited transactions (Counts V and VI), *id.* ¶¶ 87–103; and

- Failure to monitor other fiduciaries (Count VII), *id.* ¶¶ 104–11.

## **LEGAL STANDARD**

A complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Legal conclusions or bare and conclusory allegations . . . are insufficient to state a claim." *Diedrich v. Ocwen Loan Servicing*, LLC, 839 F.3d 583, 589 (7th Cir. 2016) (citing *Iqbal*). "In considering a motion to dismiss under Rule 12(b)(6), district courts are free to consider . . . documents referenced in the pleading if they are central to the claim[.]" *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). "When an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Id*.

## **ARGUMENT**

Courts have overwhelmingly dismissed lawsuits by participants alleging that forfeitures must be used to pay plan administrative expenses. So too, this case should be dismissed, with prejudice, because each of Plaintiff's theories fail to state a claim under ERISA.

*First*, Plaintiff's claim that the Plan Document required forfeitures to be used to pay for administrative expenses is contradicted by the plain language of the Plan Document, which states that forfeitures "may" be used to pay expenses—not that they "shall" be used to pay expenses. *See infra* at 5–7.

4

*Second*, Plaintiff's claims for prohibited transactions and breach of ERISA's anti-inurement provision fail because Plaintiff merely alleges that forfeitures were reallocated within the Plan. *See infra* at 7–9.

*Third*, Plaintiff's claims for breach of fiduciary duty fail because, among other reasons, his position would effectively create a new benefit not provided for under ERISA. *See infra* at 9–13.

*Finally*, Plaintiff's claim for duty to monitor other fiduciaries fails because it is a derivative claim that is dependent on a separate violation of ERISA, and no such violation occurred here. *See infra* at 13–14.

## I. Plaintiff's Claim for Failure to Follow the Terms of the Plan (Count I) Fails Because the Actual Terms of the Plan Authorize Forfeitures to Be Used in the Manner Alleged in the Complaint.

Plaintiff alleges that "Section 4.4(c) of the Plan's governing documents ***require***" forfeitures to first be used "to pay all of the Plan's administrative expenses" before forfeitures may then be used "to reduce the Company's contributions to the Plan[.]" Compl. ¶¶ 31–33 (emphasis added). Plaintiff, therefore, alleges that the use of forfeitures to reduce the Company's contributions before paying all of the Plan's administrative expenses was inconsistent with the Plan Document—and a violation of Section 404(a)(1)(D) of ERISA, which requires that fiduciaries administer a plan "in accordance with the documents . . . governing the plan . . . ." *See* 29 U.S.C. § 1104(a)(1)(D); Compl. ¶¶ 55–56. Not so. The Plan Document says the exact opposite—it provides that forfeitures ***may*** be used defray administrative expenses and that otherwise forfeitures ***shall*** be used to reduce the Company's contributions.

Specifically, Section 4.4(c) of the Plan Document provides, in relevant part, that "Forfeitures ***may*** . . . be used to pay any administrative expenses of the Plan" and that any "remaining Forfeitures . . . ***shall*** be used to reduce the Employer's contributions for the Plan Year."

5

Ex. A, § 4.4(c) (emphasis added).  Rather than confront the clearly permissive "may" language in the Plan Document, the Complaint simply omits that language and baldly claims that what follows after the "may" language is "require[d.]"  Compl. ¶ 31.  "The word 'may' customarily connotes discretion[;]" a meaning that "is particularly apt where, as here, 'may' is used in contraposition to the word 'shall[.]'"  *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 346 (2005).  This Court should consider the actual language of the Plan Document, which is referred to in the Complaint and is the basis for Plaintiff's claim, *see Bogie*, 705 F.3d at 609, as courts unanimously have done in addressing ERISA forfeiture claims at the motion to dismiss stage.  *See e.g.*, *Cano v. The Home Depot, Inc.*, No. 1:24-CV-03793-TRJ, 2025 WL 2589567, at *1 n.1 (N.D. Ga. Aug. 26, 2025).

Another court recently addressed similar plan language, which provided that "[a]ny forfeitures . . . *may* be used to pay administrative expenses under the Plan" and, with one exception, that "any forfeitures not used to pay administrative expenses under the Plan *shall* be applied to reduce the contributions of the Employer."  *Armenta v. WillScot Mobile Mini Holdings Corp.*, No. 2:25-cv-407, 2025 WL 2645518, at *1 n.3, 3 (D. Ariz. Sept. 15, 2025) (quoting and taking judicial notice of a plan document attached to the motion to dismiss) (emphasis added).  The court rejected plaintiff's "alleg[ation] that the Plan's documents required [the company] to use the forfeitures to pay for the administrative expenses before using them to reduce [the company]'s required contributions[,]" holding that, under "the plain language of the Plan documents," "[t]he use of the permissive word 'may' in the Plan terms here means the administrator can pay administrative expenses using forfeitures but is not required to do so."  *Id.* at *3–4.

As in *Armenta*, the "plain and ordinary meaning" of the Plan's language warrants dismissal of Count I because the terms of the Plan allow but do not require using forfeitures to pay the Plan's administrative expenses.  *See Young v. Verizon's Bell Atl. Cash Balance Plan*, 615 F.3d 808, 823

(7th Cir. 2010) (holding that ERISA plans are, as a matter of federal common law, interpreted according to their "plain and ordinary meaning").

## II. Plaintiff's Prohibited Transaction Claims (Counts V and VI) and Claim for Breach of ERISA's Anti-Inurement Provision (Count IV) Fail Because Plaintiff Merely Alleges Intra-Plan Transfers.

Plaintiff alleges that reallocating forfeitures to individual participants' accounts "as a substitute for the Company's own contribution[s]" was a prohibited transaction under Section 406 of ERISA and violated the anti-inurement provision in Section 403(c)(1) of ERISA. *See* Compl. ¶¶ 83, 92 100. These claims fail because, as the overwhelming majority of courts have held, the mere transfer of funds within a plan does not violate ERISA's prohibited transaction or anti-inurement provisions.

### A. Plaintiff's Prohibited Transaction Claims (Counts V and VI) Fail.

Section 406(a)(1) of ERISA prohibits a fiduciary from causing a "plan to engage in a transaction" that, among other things, involves a sale, lending of money, or furnishing of goods or services between the plan and a "party in interest"—which includes fiduciaries or other enumerated persons with a relationship to the plan. 29 U.S.C. §§ 1002(14); 1106(a)(1). Section 406(b) of ERISA prohibits a fiduciary from, among other things, "deal[ing] with the assets of the plan in his own interest or for his own account[.]" 29 U.S.C. § 1106(b).

Faced with the same prohibited transaction theory advanced by Plaintiff, the court in *Hutchins* held that "merely reallocat[ing]" forfeitures "to provide pension benefits to other employees through use as matching contributions . . . is not a prohibited transaction" given that the "forfeited amounts remain Plan assets." *Hutchins v. HP Inc.*, 737 F. Supp. 3d 851, 868 (N.D. Cal. 2024) ("*Hutchins I*") (citing *Lockheed Corp. v. Spink*, 517 U.S. 882, 892–93 (1996)). The conclusion reached by *Hutchins* in this regard has been endorsed by DOL, *see* DOL *Hutchins* Amicus Brief, *Hutchins v. HP Inc.*, No. 25-826, 2025 WL 2673895, at *7 n.1 (9th Cir. July 9,

7

2025), and overwhelmingly followed by at least 16 courts.[2] Moreover, where, as here, "[t]he Plan provides a discretionary choice" that allows forfeitures "to offset employer contributions," construing that "option as a 'prohibited transaction' would be to read that choice out of the Plan entirely and conclude that § 1106(b) confers a benefit, a result which cannot be tolerated . . . ." *Buescher*, 2025 WL 1927503, at *19.

The three outlier decisions that have allowed prohibited transaction claims are not persuasive. *See, e.g.*, *id.* at *18 (explaining that the analysis by one court was "brief" and the other, which pre-dated *Hutchins*, noted there were (at the time) "no cases directly on point") (citing *Rodriguez v. Intuit Inc.*, 744 F. Supp. 3d 935, 949 (N.D. Cal. 2024); *Perez-Cruet v. Qualcomm Inc.*, No. 23-CV-1890-BEN (MMP), 2024 WL 2702207, at *5 (S.D. Cal. May 24, 2024)).[3] This Court should follow the overwhelming majority of courts to address this issue and dismiss Counts V and VI, with prejudice.

---

[2] *See Armenta*, 2025 WL 2645518, at *6–7; *Estay v. Ochsner Clinic Foundation*, No. 2:25-cv-507, 2025 WL 2644782, at 6–7 (E.D. La. Sept. 15, 2025); *Dimou v. Thermo Fisher Sci. Inc.*, No. 23-CV-1732-BJC-JLB, 2025 WL 2611240, at *7–8 (S.D. Cal. Sept. 9, 2025); *Cano*, 2025 WL 2589567, at *7; *Barragan v. Honeywell Int'l Inc.*, No. 24CV4529 (EP) (JRA), 2025 WL 2383652, at *4–5 (D.N.J. Aug. 18, 2025); *Middleton v. Amentum Parent Holdings, LLC*, No. 23-CV-2456-EFM-BGS, 2025 WL 2229959, at *15–16 (D. Kan. Aug. 5, 2025); *Cain v. Siemens Corp.*, No. CV 24-8730, 2025 WL 2172684, at *5 (D.N.J. July 31, 2025); *Nykiel v. Smith & Nephew, Inc.*, No. CV 24-12247-NMG, 2025 WL 2347549, at *5 (D. Mass. July 11, 2025), *report and recommendation adopted*, No. CV 24-12247-NMG, 2025 WL 2347430 (D. Mass. Aug. 13, 2025); *Buescher v. N. Am. Lighting, Inc.*, No. 24-CV-2076, 2025 WL 1927503, at *17–19 (C.D. Ill. June 30, 2025); *McWashington v. Nordstrom, Inc.*, No. C24-1230 TSZ, 2025 WL 1736765, at *16 (W.D. Wash. June 23, 2025); *Wright v. JPMorgan Chase & Co*, No. 2:25-CV-00525-JLS-JC, 2025 WL 1683642, at *6 (C.D. Cal. June 13, 2025); *Steen v. Sonoco Prods. Co.*, No. 4:24-CV-03105-JD, 2025 WL 2420725, at *6–7 (D.S.C. June 4, 2025); *Madrigal v. Kaiser Found. Health Plan, Inc.*, No. 2:24-CV-05191-MRA-JC, 2025 WL 1299002, at *6–7 (C.D. Cal. May 2, 2025); *Sievert v. Knight-Swift Transportation Holdings, Inc.*, 780 F. Supp. 3d 870, 879–80 (D. Ariz. 2025); *McManus v. Clorox Co.*, No. 4:23-CV-05325-YGR, 2024 WL 4944363, at *7–8 (N.D. Cal. Nov. 1, 2024); *Liao v. Fisher Asset Mgmt., LLC*, No. 24-CV-02036-JST, 2024 WL 4351869, at *5–6 (N.D. Cal. Sept. 30, 2024).

[3] *Reconsideration denied*, No. 23-CV-1890-BEN (MMP), 2024 WL 3798391 (S.D. Cal. Aug. 12, 2024). The only case decided in 2025 that allowed a prohibited transaction claim to proceed relied on *Rodriguez* and *Perez-Cruet* without citing any other case law to support the conclusion that an intra-plan transfer constitutes a prohibited transaction. *See Becerra v. Bank of Am. Corp.*, 3:24-cv-921, Dkt. 56, at 8-9 (W.D.N.C. Aug. 12, 2025).

B.     Plaintiff's Anti-Inurement Claim (Count IV) Fails.

Section 403(c)(1) of ERISA provides that "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purpose of providing benefits to participants in the plan . . . ." 29 U.S.C. § 1103(c)(1).

As with his prohibited transaction claim, Plaintiff's anti-inurement claim fails as a matter of law because he merely alleges a reallocation of forfeitures within the Plan. *See* Compl. ¶¶ 30, 83. Indeed, faced with the same anti-inurement theory advanced by Plaintiff, the court in *Hutchins* held that "us[ing] the forfeited amounts to supply [the Company's] matching contributions for other Plan beneficiaries . . . is not a violation of the anti-inurement provision because the forfeited amounts are plan assets which do not leave the Plan trust fund and are used to pay pension benefits to Plan participants." *Hutchins I*, 737 F. Supp. 3d at 866 (citing *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 442 (1999)). The conclusion reached by *Hutchins* in this regard has been overwhelmingly followed by at least 10 courts, and there is "no reason to depart from the weight of this authority." *See Madrigal*, 2025 WL 1299002, at *6.[4]

### III.     Plaintiff's Claims for Breach of the Fiduciary Duties of Loyalty (Count II) and Prudence (Count III) Fail Because, Among Other Reasons, They Would Effectively Create a New Benefit Under ERISA.

Plaintiff likewise asserts that using forfeitures to fund participants' benefits, rather than using them to fund administrative expenses, was a breach of the ERISA fiduciary duties of loyalty and prudence. *See* Compl. ¶¶ 60–68 (duty of loyalty allegations), ¶¶ 69–78 (virtually identical duty of prudence allegations). "The duty of loyalty requires a plan fiduciary to 'discharge his

---

[4] *See also Sievert*, 780 F. Supp. 3d at 879–80; *Cano*, 2025 WL 2589567, at *6; *Middleton*, 2025 WL 2229959, at *16–17; *Barragan v. Honeywell Int'l Inc.*, No. 24CV4529 (EP) (JRA), 2024 WL 5165330, at *5–6 (D.N.J. Dec. 19, 2024); *McManus*, 2024 WL 4944363, at *7; *Naylor v. BAE Sys., Inc.*, No. 1:24-CV-00536 (AJT/WEF), 2024 WL 4112322, at *7 (E.D. Va. Sept. 5, 2024); *Fumich v. Novo Nordisk Inc.*, No. CV 24-9158 (ZNQ) (JBD), 2025 WL 2399134, at *7–8 (D.N.J. Aug. 19, 2025); *Wright*, 2025 WL 1683642, at *5–6; *Steen*, 2025 WL 2420725, at *5–6.

duties with respect to a plan solely in the interest of the participants and beneficiaries.'" *Albert v. Oshkosh Corp.*, 47 F.4th 570, 574 (7th Cir. 2022) (quoting 29 U.S.C. § 1104(a)(1)). "The duty of prudence requires a plan fiduciary to discharge its duties 'with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use[.]'" *Id.* (quoting 29 U.S.C. § 1104(a)(1)(B)).

As discussed below, Plaintiff's loyalty and prudence claims—which are based on virtually identical allegations—both fail for two primary reasons, as the overwhelming majority of courts have recognized in dismissing similar claims. *See infra* at 10–12. Moreover, as also discussed below, Plaintiff's additional allegation specific to his prudence claim—relating to the process used to make the decision about how to allocate forfeitures—cannot save Plaintiff's prudence claim for two additional reasons. *See infra* at 12–13.

*First*, "[i]f the Court were to adopt Plaintiffs' theory, it would effectively create the benefit of paying Plaintiffs' administrative costs." *Middleton*, 2025 WL 2229959, at *14. As the *Middleton* court and other courts have overwhelmingly recognized, such a result would be inconsistent with ERISA and Supreme Court precedent—which makes clear that "[n]othing in ERISA requires employers to establish employee benefit plans. Nor does ERISA mandate what kind of benefits employers must provide if they choose to have such a plan." *Spink*, 517 U.S. at 887; *see also Middleton*, 2025 WL 2229959, at *14 & nn. 88-89 (quoting *Spink*); *Cain*, 2025 WL 2172684, at *4 (rejecting arguments that "would use the fiduciary duties of loyalty and prudence to create a new benefit to participants that is not provided in the plan document itself"); *Hutchins I*, 737 F. Supp. 3d at 861–63 (dismissing breach of fiduciary duty claims because "Plaintiff's theory of liability would improperly extend the protection of ERISA beyond its statutory framework" to "create a benefit").

10

*Second*, "[t]he established understanding for several decades has been that defined contribution plans, such as the Plan . . . may allocate forfeited employer contributions to pay benefits for remaining participants rather than using those funds to defray administrative expenses." DOL *Hutchins* Amicus Brief, 2025 WL 2673895, at \*1; *see also Hutchins I*, 737 F. Supp. 3d at 863–64 ("Plaintiff's theory of liability is contrary to the settled understanding of Congress and the Treasury Department regarding defined contribution plans. . . . The Court does not understand the general provisions of the fiduciary duty provision of ERISA to not only create a benefit to which Plaintiff is not entitled but also to abrogate Treasury regulations and settled rules regarding the use of forfeitures in defined contribution plans." (citing *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 261 (1993))).[5]

Moreover, courts have held that it is "fatal to Plaintiff's breach of prudence claim" that "Defendants acted according to prevailing industry practices[,]" because "[t]he prudence standard is inherently comparative . . . ." *Spence v. Am. Airlines, Inc.*, 775 F. Supp. 3d 963, 973, 997 (N.D. Tex. 2025); *see also DiFelice v. Fiduciary Couns., Inc.*, 398 F. Supp. 2d 453, 467 (E.D. Va. 2005) (granting a motion to dismiss and holding that "the appropriate benchmark with which to judge a fiduciary's behavior is an objective one 'measured against [industry] standards . . .'" (quoting *Ulico Casualty Co. v. Clover Capital Mgmt., Inc*., 335 F. Supp. 2d 335, 340 (N.D.N.Y.2004))). The Complaint lacks any allegations about what similarly-situated fiduciaries have done "under the circumstances then prevailing," 29 U.S.C. § 1104(a)(1)(B), or about the prevailing practices

---

[5] *See also, e.g.*, *Dimou*, 2025 WL 2611240, at \*6 ("[T]he Court once again finds that Plaintiff's theory of liability is 'contrary to the settled understanding of Congress and the Treasury Department regarding defined contribution plans.'" (quoting, No. 23-CV-1732 TWR (JLB), 2024 WL 4508450, at \*9 (S.D. Cal. Sept. 19, 2024))); *Cano*, 2025 WL 2589567, at \*6 ("Given this history, Cano can hardly say that it was unreasonable or imprudent for Home Depot to act both consistently with its own Plan documents and consistently with regulations that have been effective for decades.") (citing 26 C.F.R. § 1.401-7(a); 88 Fed. Reg. at 12283, nn.2–3).

regarding forfeitures. Indeed, it is undisputed that Plaintiff's theory of imprudence "flies in the face of decades of ERISA practice." *Hutchins v. HP Inc.*, 767 F. Supp. 3d 912, 927 (N.D. Cal. 2025) ("*Hutchins II*").

*Third*, while Plaintiff alleges that "[i]n deciding how to allocate forfeitures, Defendants utilized an imprudent and flawed process[,]" Compl. ¶ 74, "[a] fiduciary's duty of prudence is both procedural and objective." *Cutrone v. Allstate Corp.*, No. 20 CV 6463, 2025 WL 306179, at *4 (N.D. Ill. Jan. 27, 2025). Accordingly, "a defendant may [not] be liable for breach of duty under ERISA based on procedural imprudence alone." *Id.*, at *4–5 (citing *Fink v. National Savings & Trust Co.*, 772 F.2d 951, 962 (D.C. Cir. 1985) (Scalia, J., concurring in part and dissenting in part)); *see also In re McKesson HBOC, Inc. ERISA Litig.*, 391 F. Supp. 2d 812, 833–34 (N.D. Cal. 2005) (similarly relying on *Fink* in granting a motion to dismiss).

*Fourth*, Plaintiff's conclusory procedural allegations "still boil[] down to alleging that [the Company] necessarily committed misconduct in its fiduciary capacity by not using forfeitures in [plaintiff's] preferred manner." *Barragan*, 2025 WL 2383652, at *4 ("[Plaintiff] wraps this theory up in allegations that the misconduct involves [the Company's] purported failure to investigate what the best use of the forfeitures was, [] but functionally, what he contends is that 'forfeitures must always be used to pay Plan participants' administrative expenses before they can be allocated to reducing a company's matching contributions.'" (quoting *Hutchins II*, 2025 WL 404594, at *7)); s*ee also Middleton*, 2025 WL 2229959, at *11–15 (dismissing plaintiff's fiduciary breach claims, including his allegation "that Defendants failed to engage in a reasoned and impartial decision-making process" regarding use of forfeitures because they "would effectively create the benefit of paying Plaintiffs' administrative costs").

As with the prohibited transaction and anti-inurement theories, there are outlier decisions that have allowed breach of fiduciary duty theories to proceed past a motion to dismiss, but they are not persuasive and/or are distinguishable. *See*, *e.g.*, *McWashington*, 2025 WL 1736765, at *15 n.28 (describing the original case allowing a breach of fiduciary duty forfeiture claim to proceed past a motion to dismiss, *Perez-Cruet*, as "unpersuasive," based on "analysis [that] is conclusory," and inconsistent with Supreme Court precedent); *Middleton*, 2025 WL 2229959, at *15 n.96 (noting that two of the cases involved allegations that forfeitures violated the express terms of the plan and that another case was not persuasive). *See also Becerra*, Dkt. 56, at 6 (denying motion to dismiss because "courts have come to different conclusions as to when there is a fiduciary duty under ERISA and what constitutes a breach" and there were "questions about how to interpret the plan"); *Buescher*, 2025 WL 1927503, at *12–15 (denying motion to dismiss based on a narrower theory with different factual allegations). Finally, these cases generally did not have the opportunity to consider either: (i) DOL's recently-filed amicus brief, *see supra* at 7–8, 11; or (ii) this Court's decision that "a defendant may [not] be liable for breach of duty under ERISA based on procedural imprudence alone." *Cutrone*, 2025 WL 306179, at *5.[6]

### IV.     Plaintiff's Claim for Failure to Monitor Fiduciaries (Count VII) Fails Because There is No Underlying Fiduciary Breach.

Plaintiff alleges that CommonSpirit "had a duty to monitor the Committee to ensure that they were adequately performing their fiduciary obligations" and that CommonSpirit failed to do so because the Committee allegedly breached their fiduciary duties in connection with the Plan's use of forfeitures. Compl. ¶¶ 109–10. "[A] failure to monitor claim is derivative in nature and must be premised on an underlying breach of fiduciary duty." *Albert*, 47 F.4th at 583 (quoting

---

[6] While the court in *Becerra* received DOL's amicus brief as a notice of supplemental authority, Dkt. 54-1, it did not discuss the substance of DOL's positions and merely summarized the parties' arguments before declining to dismiss the claim. Dkt. 56 at 1, 4–6.

*Rogers v. Baxter Int'l Inc.*, 710 F. Supp. 2d 722, 740 (N.D. Ill. 2010) (cleaned up)) (affirming dismissal of duty to monitor claims because the "duty to monitor claims rise or fall with [the] duty of prudence and duty of loyalty claims"). Because Plaintiff fails to state a claim for breach of fiduciary duty, *see supra* at 4–13, his duty to monitor claim should also be dismissed.

## CONCLUSION

For reasons set forth above, this Court should dismiss the Complaint, with prejudice.

Dated: September 25, 2025

Respectfully submitted,

*/s/ Lars C. Golumbic*
Lars C. Golumbic (*pro hac vice*)
Samuel I. Levin (*pro hac vice*)
Tom B. Scott-Sharoni (*pro hac vice*)
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Ave., NW, Suite 1200
Washington, DC 20006
Phone: 202-857-0620
Fax: 202-659-4503
lgolumbic@groom.com
slevin@groom.com
tscott-sharoni@groom.com

Jeffrey A. Hesser (ARDC No. 6256081)
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
Tel: (312) 641-3100 Fax: (312) 444-1669
E-mail: jhesser@cassiday.com

*Counsel for Defendants*

14